## Case No. 139.

### The ALBERT.

[Blatchf. Pr. Cas. 663.][1]

Circuit Court, S. D. New York. Nov. 11, 1863.[2]

PRIZE—VIOLATION OF BLOCKADE—STRESS OF WEATHER.

1. Decree of the district court, condemning vessel and cargo for an attempt to violate the blockade, affirmed.

2. The excuse set up, that the vessel sought the blockaded port under stress of weather, overruled.

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. [Decree of condemnation, affirming The Albert, Case No. 138.]

NELSON, Circuit Justice. This vessel and cargo were captured off Rattlesnake Shoals, near the mouth of Charleston harbor, South Carolina, about fifteen or twenty miles from Charleston. The vessel was, at the time, steering a straight course into the harbor. The capture was made on the 1st of May, 1862. The vessel, with part of her cargo, sailed from Matamoras, Cuba, stopped at Nassau, and took in the rest, and started, according to her papers, for the port of New York. The cargo consisted chiefly of coffee, sweet oil, fruits, and salt. The captain admits that he was wide of his regular course to New York at the time of the capture; and also that he was steering, at the time, square into the coast, which, as explained by one of the officers on board of the gunboat Huron, which made the capture, was sailing square into the harbor of Charleston.

The excuse set up is, that the vessel encountered great stress of weather and head winds. But it does not appear that she was in any way disabled or crippled, or that any

reason existed for seeking to enter the port of Charleston.

The whole of the proofs satisfy me that the excuse set up is without any meritorious foundation, and does not reasonably explain the suspicious position of the vessel. She had been previously warned not to enter the port, as it was in a state of blockade, and the warning is noted on her papers. The court below condemned the vessel and cargo. The Albert, [Case No. 138.] I think that the decree was right, and should be affirmed. The vessel and cargo have been sold under an interlocutory order, and the fund remains for distribution.